HAWTHORNE, Justice
(dissenting).
Since the majority opinion in this case discusses res ipsa loquitur at great length, I assume that it is under this doctrine that the plaintiff is being allowed to recover. I make this assumption because I have noted that the trial judge says in his reasons for *439 judgment in this case that he is doubtful whether the evidence introduced by plaintiff to prove the specific negligence charged against defendant has established the latter’s negligence to the point of legal certainty.
The doctrine of res ipsa loquitur is a rule of evidence which must be carefully applied or it will be abused. It is well settled in our jurisprudence that this rule of evidence can be used in a tort case -only if the accident which damaged plaintiff was caused by an agency or instrumentality within the actual or constructive control of the defendant, if the accident is of a kind which ordinarily does not occur in the absence of negligence, and if the evidence as to the true explanation of the accident is more readily accessible to the defendant than to the plaintiff. Northwestern Mut. Fire Ass’n v. Allain, 226 La. 788, 77 So.2d 395, and numerous cases and authorities there cited.
In the instant suit the instrumentality which damaged plaintiff was clearly not within the exclusive control of the defendant. Moreover, it does not appear that the evidence as to the true explanation of the accident was so inaccessible to this plaintiff that he should be relieved of the burden of proving negligence in this tort action.
On the question of whether plaintiff has proven the specific negligence which he alleged, I express no view. I do not think, however, that he can rely on the doctrine of res ipsa loquitur to recover in this case.